# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1040V
Filed: October 28, 2015
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ROBERTA LIVOLSI, | |
|         Petitioner, | |
|     v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
|         Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Meredith Daniels*, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.
*Camille Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

    On October 27, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"].  Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 3, 2012 influenza vaccination.  On May 19, 2015, a decision was issued awarding compensation to petitioner based on respondent's proffer.

    On October 9, 2015, petitioner's counsel filed a motion for attorney fees and costs.  (ECF No. 28.)  Petitioner's counsel seeks $15,416.00 in attorneys' fees and $1,087.33 in attorneys' costs, for a total award of $16,503.33.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pocket expenses. (ECF No. 29.)  Respondent filed no written opposition to petitioner's counsel's application for fees and costs, but indicated informally that she defers to the special master's authority regarding the award of fees and costs. (*See* Informal Communication (Remark), October 28, 2015.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and respondent's position deferring to the special master, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,503.33[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Conway, Homer & Chin-Caplan, PC.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.